**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID SIMPSON,

    Defendant.

    _____/

Case No. 11-20483

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING DEFENDANT'S 28 U.S.C § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [53]**

Pending before the Court is Defendant David Simpson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 53.) Defendant challenges his conviction and sentence on count two of the indictment—use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Defendant contends he is entitled to relief under 28 U.S.C. § 2255 in light of the Supreme Court's opinion in *Johnson v. United States*, which held that the residential clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Defendant argues that his conviction and sentence are unconstitutional because the predicate offense underlying count two, Hobbs Act robbery, does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), and the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under *Johnson*. After reviewing the briefing of the parties, the Court finds that an evidentiary hearing is not needed. For the reasons stated below, Defendant's motion is denied.

1

## I. Background

Defendant was charged with Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The charges arose out of his armed robbery of an armored car outside of the Michigan Treasury in Sterling Heights, Michigan. On November 21, 2011, Defendant pled guilty to both counts of the indictment. On February 28, 2012, this Court sentenced him to 147 months in prison—63 months on the robbery count and 84 months on the firearm count. Defendant did not file a direct appeal.

On June 26, 2016, Defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. Although the motion was filed several years after his conviction, the parties appear to agree that the motion is timely because it was filed within one year of the Supreme Court's decision in *Johnson*.[1]

## II. Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on the motion, Defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

---

[1] *Johnson* did not concern whether a conviction for Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c), and the Court questions whether the motion is timely as to that issue. Notwithstanding, the Court will address the merits of the motion without addressing the timeliness of the issues raised.

"It is well-established that a § 2255 motion 'is not a substitute for direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). And "it is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III. Analysis

Liability for a crime of violence under § 924(c)(3) attaches where the predicate offense is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). To determine whether a conviction offense is a crime of violence, courts apply a categorical approach "focus[ing] on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance." *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)).

Here, Defendant's predicate offense was his conviction for Hobbs Act robbery as charged in count one of the indictment. Defendant argues that his Hobbs Act robbery conviction does not qualify as a crime of violence under § 924(c)(3) because it is possible

3

to satisfy the offense elements of the Hobbs Act without using, attempting, or threatening physical force as required by § 924(c)(3)(A).

While Defendant's motion was pending, the Sixth Circuit addressed this exact issue. See *United States v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017), *cert. denied*, 137 S. Ct. 2230, 198 L. Ed. 2d 670 (2017). In *Gooch*, the Sixth Circuit rejected the very argument made by Defendant here and held that "Hobbs Act robbery constitutes a crime of violence." *Gooch*, 850 F.3d at 292. In doing so, the Sixth Circuit recognized that at least five other circuit courts have reached the same conclusion. *See id.* (citing cases). Thus Defendant's conviction on count one of the indictment constitutes a crime of violence, and his conviction on count two does not violate due process.

Defendant's *Johnson* argument is similarly without merit. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit rejected the argument that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. The court held that *Johnson* did not require reversing the defendant's conviction under 18 U.S.C. § 924(c) and pointed to several factors that distinguished the [ACCA's] residual clause from § 924(c)(3)(B). *Id.* at 376. Accordingly, even if Defendant's conviction was not for a crime of violence under the *elements clause* of § 924(c)(3)(A), Defendant's motion would still fail because under Sixth Circuit precedent *Johnson* did not invalidate the *residual clause* of § 924(c)(3)(B).

### IV.     Conclusion

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 motion is **DENIED**, and the Court **DECLINES TO ISSUE** a Certificate of Appealability.

SO ORDERED.

                                    S/Nancy G. Edmunds
                                    Nancy G. Edmunds
                                    United States District Judge

Dated: April 22, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2019, by electronic and/or ordinary mail.

                                    S/Lisa Bartlett
                                    Case Manager