UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID SIMPSON,

    Defendant.
                                           /

Case No. 11-CR-20483

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTIONS FOR RECOMMENDATION FOR RESIDENTIAL REENTRY CENTER [63] AND FOR COMPASSIONATE RELEASE [67]**

Defendant David Simpson is currently in the custody of the Federal Bureau of Prisons (FBOP) at Allenwood Low Security Correctional Institute. (ECF no. 63.) Pending before the Court are Defendant's motion for judicial recommendation for residential reentry center pursuant to 18 U.S.C. § 3624, filed prior to the current COVID-19 pandemic, and Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed in response to the COVID-19 pandemic. (ECF no. 67.) The government filed responses to each of Defendant's motions and a notice of supplemental authority citing a recent Sixth Circuit case, *United States v. Alam*, Case No. 20-1298, __ F.3d__, 2020 WL 2845694 (6th Cir. June 2, 2020). (ECF nos. 66, 70, 73.)

**I. Background**

In October 2011, Defendant entered a plea of guilty to two counts: interference with

1

commerce by robbery and use of a firearm during and in relation to a crime of violence[1]. (ECF nos. 23, 37.) On February 28, 2012, Defendant was sentenced to 147 months of imprisonment. (ECF no. 37.) Defendant's current projected release date is December 25, 2021. (ECF nos. 66, 70.)

## II. Analysis

### A. Motion for Judicial Recommendation [63]

In his first motion, Defendant requests a judicial recommendation that the FBOP place him in a residential reentry program. Defendant argues that he should be considered for a judicial recommendation for the following reasons: he has either completed or is enrolled in several programs for rehabilitation and for preparation of his release, he has remained "disciplinary report free" during his entire incarceration at the Allenwood facility, he "expresses remorse for his offense," and he needs adequate time to obtain gainful employment and housing upon release. (Pl.'s Mot. 1-2, ECF no. 63.)

Under the Second Chance Act, the FBOP may place prisoners in a community correctional facility or home confinement during the final months of their terms of imprisonment to prepare them for reentry into the community. *See* 18 U.S.C. § 3624(c). The FBOP makes such a determination based on the factors set forth in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4); *Sacora v. Thomas*, 628 F.3d 1059, 1067 (9th Cir. 2010). One of the factors to be considered is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18

---

[1] As set forth in the Rule 11 Plea Agreement, on or about July 8, 2011, Defendant brandished a firearm during the robbery of an armored car. (Rule 11 Plea Agreement, ECF no. 23.)

U.S.C. § 3621(b)(4). The Court's recommendation does not have a binding effect on the FBOP, which has "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . ." *Tapia v. United States*, 564 U.S. 319, 331 (2011). The FBOP, "not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 Fed. Appx. 373, 378 (6th Cir. 2015). There is disagreement among courts whether a court has the authority to make such a recommendation after it enters judgment. *See generally Carter v. United States*, 2018 WL 2376513, at *2-3 (E.D. Wisc. May 24, 2018) (summarizing courts' wide-ranging views as to whether the court has authority to make prison placement and programming recommendations on a prisoner's post-sentencing motion). Further, any recommendation from the sentencing court is non-binding on the FBOP and is usually made at the time judgment is entered. *See* 18 U.S.C. § 3621(b).

The Court commends Defendant for the work he advises that he has done to prepare himself to live a law-abiding life. The Court notes, however, that Defendant has not provided documentary evidence to support his claim that his disciplinary record is clear and that he has completed the listed courses. The FBOP is in the best position to evaluate whether Defendant meets the requirements to qualify for placement in a residential reentry center. In light of the foregoing, the Court has an insufficient basis to make or withhold a recommendation to the FBOP and Defendant's motion (ECF no. 63) is denied without prejudice.

### B. Motion for Compassionate Release [67]

Defendant filed his second motion, that for compassionate release, against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population. Defendant argues in part that this is an extraordinary and compelling circumstance that warrants a sentence reduction under 18 U.S.C. § 3582(c). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

### 1. Exhaustion of Administrative Remedies

As an initial matter, the government points out that Defendant has not exhausted the

administrative remedies available in seeking compassionate relief. The government shows that despite Defendant having filed his motion with the warden (received by the warden on April 8, 2020), Defendant filed the instant motion in this court on April 7, 2020, prior to the warden receiving Defendant's request, and Defendant failed to appeal the warden's April 10, 2020 decision denying his request for compassionate release. The government provided under seal a copy of Defendant's initial request for compassionate release to the warden, which supports the government's assertion that the warden did not receive the request until April 8. (ECF no. 71-1, filed under seal.) Defendant argues that "[T]here is no dispute that the defendant has exhausted administrative remedies in this case," citing "Attachment A," which does not appear to be included, and Defendant's assertion is otherwise unsupported. (Pl.'s Mot. at 2, ECF no. 67.)

In the early stages of the current pandemic, courts came to various conclusions as to whether and when the First Step Act's exhaustion requirement is waivable, some finding it waivable and others finding it is not. The Sixth Circuit very recently joined the Third Circuit in ruling that the administrative exhaustion requirement cannot be waived. *See United States v. Alam*, No. 20-1298, __ F.3d __, 2020 WL 2845694 (6th Cir. June 2, 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); and *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). There is no evidence to contradict this Court's finding that Defendant did not exhaust his administrative remedies prior to filing this motion. But even if the Court considered Defendant's remaining request, Defendant does not show extraordinary and compelling reasons for release.

### 2. There Are No Extraordinary And Compelling Reasons To Grant Defendant Compassionate Release

Defendant moves for release and resentencing under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release and specifically asking to be resentenced to time served plus three years of supervised release for the following reasons: (1) "Congress has 'clarified' the judicially created rule requiring the 'stacking' of sentences on 924(c) convictions such that, under current law, [Defendant] would be subject to a much shorter mandatory sentence," (2) Defendant is thirty years old and suffers from chronic physical ailments that make "'surviving in prison harder and harder' and strain prison resources," (3) Defendant's "crime resulted from an 'aberrational life crisis,'" and (4) Defendant's mother is recovering from an illness that has put his parents "in a bind financially and mentally" and Defendant's return home will light the burden on his father.

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release, in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." See U.S.S.G. § 1B1.13, commentary n.(1). Neither Defendant's age, 30 years old, nor his medical conditions are extraordinary and compelling reasons for granting release. The populations most likely to suffer severe illness with COVID-19 are "[o]lder people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer." *See* Coronavirus, World Health Organization, https://www.who.int/health-topics/coronavirus#tab=tab_1 (June 11, 2020); *See also*

Coronavirus Disease, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html ("those at high-risk for severe illness from COVID-19 are: People 65 years and older"). Defendant is thirty years old; his age alone does not put him at higher risk from COVID-19. *See also* U.S.S.G. § 1B1.13 comment n.1 (Nov. 1, 2018) ("Age of the Defendant.– The defendant . . . is at least 65 years old;"). Defendant also argues that he suffers from "diabetes, hyperlipidemia, hypertension, and cataracts, among others." (Pl.'s Mot. 3, ECF no. 67.) Yet FBOP medical records provided under seal by the government do not reflect these ailments; the records do show a recent knee surgery. (Gov't's Resp. Ex., ECF no. 71-2 *sealed*.) Defendant's age and lack of supported medical conditions are not extraordinary and compelling reasons, even when considered under the current circumstances, to grant compassionate release. *See e.g., United States v. Atwi*, Case No. 18-20607, 2020 WL 1910152, at *5 (E.D. Mich. April 20, 2020) (compassionate relief granted to non-violent offender with a latent tuberculosis diagnosis, serving a four-month sentence); *United States v. Saad*, Case No. 16-20197, 2020 WL 2251808 (E.D. Mich. May 5, 2020) (compassionate relief granted to seventy-one-year-old non-violent offender suffering from kidney disease, hypertension, pulmonary hypertension, sleep apnea, shingles and a frozen thigh resultant from a coumadin overdose, with allegation of a diagnosis of suspected recurrent bladder cancer); and *United States v. Zukerman*, 2020 WL 1659880 (S.D.N.Y. April 3, 2020) (sentence modified for seventy-five-year-old with diabetes, hypertension and obesity, to serve remaining term of imprisonment in home incarceration); *see also United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his

7

alleged conditions or their severity).

As to family circumstances, Defendant only generally alleges his mother is "currently recovering from an illness" and his return home will lighten the burden on his father, without further details or support for the allegation. The unsupported allegation alone does not establish "extraordinary and compelling" circumstances. *See also* U.S.S.G. § 1B1.13 commentary n.1 (Nov. 1, 2018) ("Family Circumstances" refer to care of a defendant's minor child or children, or spouse or registered partner.).

Finally, Defendant argues that Congress has "expressly renounced the interpretation of 924(c) that resulted in [his] lengthy sentence," and that this, too, is an "extraordinary and compelling" factor. (Def.'s Br. 13, ECF n. 67.) Defendant was sentenced to 63 months for Count 1, and was sentenced to a mandatory 84 months on count 2, 18 U.S.C. 924(c), to be served consecutive to the Count 1 term. (Judgment 2, ECF no. 37.) He was also sentenced to a term of supervised release and restitution was ordered. Defendant argues that if he "were sentenced now, he would be subject to a guideline sentence; with a high end of 84 months," citing *Dean v. United States*, 137 S.Ct. 1170, 1177 (2017). (Def.'s Mot. 16, ECF no. 67.)

Even if the Court were to conclude that a compassionate release motion is the proper procedural vehicle for this type of sentence reduction request, Defendant's argument is not persuasive. As an initial matter, the Court notes that Defendant's sentence did not involve the "stacking" of multiple § 924(c) charges or convictions. Defendant plead to a first and single count of use of a firearm during and in relation to a crime of violence, for which the sentence is "not less than 5 years" (and for brandishing a firearm, "a term of imprisonment

of not less than 7 years")[2]. *See* 18 U.S.C. § 924(c)(1)(A)(i), (ii); Judgment ECF no. 37. Defendant was sentenced to 7 years on that count. The Court also sentenced Defendant to the lower end of the Guideline range for Count 1, interference with commerce by robbery; the guideline range was 63-78 months and the Court sentenced Defendant to 63 months. (ECF nos. 23, 37.) The Court does not consider this an extraordinary and compelling reason, as suggested by Defendant, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant has not shown extraordinary and compelling reasons, taken individually or together, for compassionate release.[3]

Based on the failure to exhaust administrative remedies, the Court dismisses Defendant's motion without prejudice. *See United States v. Alam*, 2020 WL 2845694, at *5.

---

[2] "Defendant Simpson entered the back door of the armored car and brandished a firearm. Defendant Simpson pointed his handgun at the driver and ordered him out of the armored car." (Rule 11 Plea Agreement 2, ECF no. 23.); 18 U.S.C. § 924(c)(4).

[3] If the Court had determined that Defendant were eligible for sentence reduction based on "extraordinary and compelling reasons," the Court would be required to consider the factors in 18 U.S.C. § 3553(a) prior to granting a motion for compassionate release. Those factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public. *See* 18 U.S.C. § 3553(a). The Court need not reach these factors where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons for modification of his sentence.

### III. CONCLUSION

Defendant's motions (63, 67) are DISMISSED without prejudice.

SO ORDERED.

                              s/ Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated:  June 12, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2020, by electronic and/or ordinary mail.

                              s/ Lisa Bartlett
                              Case Manager