UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 11-cr-20483

v.                                                                  Honorable Nancy G. Edmunds

DAVID SIMPSON,

    Defendant.

_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [84]**

Defendant David Simpson is currently in the custody of the Federal Bureau of Prisons. The matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. (ECF No. 84.) The Government opposes Defendant's motion. (ECF No. 86.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

Defendant was employed as a courier for an armored car company. On July 8, 2011, Defendant used company knowledge of a scheduled stop to rob an armored car in the parking lot of the Michigan State Treasury. He entered the armored car, pointed a gun at the driver's head and ordered him out of the vehicle. He then sped away with approximately $315,287 in cash. At the time of his arrest, Defendant was armed with a gun and had over $8,500 in his pocket. He admitted to organizing the robbery and entered guilty pleas to interference with commerce by robbery and brandishing a firearm during

1

and in relation to a crime of violence. This Court sentenced him to 147 months imprisonment.

Defendant began serving his prison sentence on February 28, 2012 and is currently incarcerated at Allenwood Low FCI in Allenwood, Pennsylvania. He is 32 years old and his projected release date is January 20, 2022. On April 7, 2020, he filed a motion for compassionate release that this Court subsequently denied. (ECF No. 67.) In its opinion, the Court noted that Defendant failed to exhaust his administrative remedies but found that even if he had provided proof of exhaustion, his motion did not present extraordinary and compelling reasons for release. (ECF No. 74.) Defendant now moves the Court for compassionate release a second time citing several underlying medical concerns along with the increased threat of infection from COVID-19 while incarcerated. Currently, Allenwood Low FCI has no positive cases of COVID-19 among inmates and no inmates have died from the virus. There have been 297 total recoveries since the beginning of the pandemic including both inmates and staff members at that facility. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated April 27, 2021), https://perma.cc/3D22-ETYJ.

II.  **Analysis**

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court may consider a compassionate release motion brought by an inmate on his own behalf only after he exhausts his administrative remedies or receives no response from the warden within 30 days of filing such a request.

*United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Thereafter, the Court considers (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether such a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission; and (3) whether the balance of relevant sentencing factors weighs in favor of early release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendant exhausted his administrative remedies prior to filing the present motion. He petitioned the warden for compassionate release on April 8, 2020 and that request was denied two days later. Moreover, there are no applicable policy statements as Defendant filed his motion on his own behalf. *See Elias*, 984 F.3d at 519. Thus, the decision to grant Defendant's motion turns on whether there are extraordinary and compelling reasons that warrant a sentence reduction and if so, whether the balance of relevant sentencing factors weighs in favor of early release. *See id.* at 518.

Defendant suggests he has a multitude of medical concerns that place him in a high-risk category for severe illness should he contract the COVID-19 virus. Specifically, Defendant complains of "unspecified hyperlipidemia, hypertensive heart disease without failure, [r]ecurring [p]ulmonary inflammation, and atherosclerotic heart disease of native coronary artery without angina pectoris." (ECF No. 84, p. 2.) Defendant also states his family informs him he has pre-diabetes, bilateral osteo-arthritis and a family history of recurring pulmonary inflammation. The Government disputes the existence of these medical conditions and provides medical records showing Defendant's only verifiable

medical condition is diabetes. (ECF No. 86, PageID.1430.) Because the balance of the 18 U.S.C. § 3553(a) sentencing factors do not favor release, the Court need not decide whether Defendant's alleged medical concerns are genuine or whether they rise to the level of "extraordinary and compelling reasons" as contemplated by the statute.

A Court's determination that the 18 U.S.C. § 3553(a) factors do not support relief is an independent basis for denying compassionate release. *Ruffin*, 978 F.3d at 1001. These factors require consideration of the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a). "District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulate' its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)).

Turning first to the seriousness and nature and circumstances of Defendant's offenses, the Court notes that armed robbery and brandishing a firearm during a crime of violence are decidedly serious and violent crimes. Additionally, Defendant did more than just participate in these crimes. He planned the operation using the knowledge he gained through a position of trust with his employer and convinced others to join him. The impact of Defendant's conduct therefore affected the lives of several individuals – the driver of the armored car who reported significant emotional trauma, other victims including

Defendant's employer, and the persons convicted alongside Defendant for participating in his plan. These factors weigh against granting Defendant's motion.

The remainder of the sentencing factors also suggest that Defendant's original sentence of 147 months imprisonment remains appropriate today. Before the July 8, 2011 robbery, Defendant was employed, educated, and had the strong support of his family. Nevertheless, he planned and participated in a violent crime. Defendant, now 32 years old, is relatively young and presently has less than one year remaining of his sentence. Serving these last several months in prison will hopefully remind Defendant of the seriousness of his offense, deter any future criminal conduct, and allow him time to plan how he will use his background and education for the betterment of his community.

## III. Conclusion

In sum, Defendant's medical concerns, even if they were to rise to the level of "extraordinary and compelling reasons" for release, do not alter the weighing of the 18 U.S.C. § 3553(a) sentencing factors in any significant way and Defendant's motion is **DENIED**.

SO ORDERED.

Dated: April 28, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager